Catron, Ch. J.
delivered the opinion of the court.
The first objection is, that an execution issued more than a year and a day after the judgment was rendered, is void, and a sheriff’s sale by virtue thereof communicates no title to the purchaser. This position cannot be sustained hy the rules of the common law. 8 John. R. 361: 13 John. 557, and authorities there cited, show the true rule. Nor does our act of 1799, ch. 14, change the common law, as between debtor and creditor. Overton vs. Perkins, Mar. & Yerg. 367. Whyte’s judgment was rendered after the sale to Wood, and cannot challenge it, because the sale was made after a year and a day.
The next material position assumed is, that the clerk gives no copies of the different writs of scire facias issued on Lawrence Brown’s judgment, under which Wood claims, save as to the first, upon which the sheriff of Davidson returns, that he had served it on three of the heirs of Jenkin Whitesides, the intestate; that there were thirteen heirs named in the first writ of scire facias, and there is judgment against all of them jointly, for the lands descended from their ancestor; and there is no evidence as to ten *522 0f them, that they were notified, other than the hislorical statement oí the clerk.
So js the fact. The clerk ought to have given copies of the different writs of scire facias, and. the endorsements thereon. This is record evidence, not subject to be proved by the statement of the clerk, in brief memoranda, that such is the fact. Barry’s lessee vs. Rhea, 1 Ten. Rep. 345. There was no evidence before the court, that ten of Jenkin Whitesides’ heirs had been notified to appear to the suit by scire facias against them; and a judgment without notice to the heirs is void, the court having no jurisdiction of the persons of the defendants. Roberts vs. Busby and wife, 3 Hay. Rep. 299: Combs and Haynie vs. Young’s heirs and administrator, 4 Yer. Rep. 218.
As to ten of the thirteen heirs, therefore, the judgment, éxecution, and sale had no effect, and divested no title, and Wood could not recover their interest.
Whether the. judgment is void for the whole, we will not now take it upon us to decide, as it may be all the heirs have in fact been notified, and that this can be shown on another trial. Were it otherwise, a general verdict cannot be had for the lessor of the plaintiff, when he can only recover, by the strength of his own title, a part of the land sued for.
This court held, at Sparta, in 1829, in Williams’ lessee vs. Norman, that when a purchaser at execution sale was only 'entitled to recover an undivided moiety, he could not have a general verdict for the whole land, nor could he turn out the tenant, but must enter as tenant in common, and seek partition, if he desired to hold in severalty. The circuit court having held, that a good record title existed in the lessor, Wood, to recover the whole labd, the judgment must be revérsed, and the cause remanded for another trial.
Judgment reversed.